# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| BOMANI LAWAN BOYD,<br><br>Petitioner,<br><br>v.<br><br>M. ATCHLEY,<br><br>Respondent. | No. ED CV 20-02264-AB (DFM)<br><br>ORDER SUMMARILY DISMISSING PETITION |

## I. BACKGROUND

On October 22, 2020, Petitioner, a state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). Petitioner challenges his 2012 conviction for attempted murder, arguing that trial counsel was ineffective for failing to investigate his mental history and request a pretrial competency hearing. See id. at 2, 5.[1]

Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that a habeas corpus petition "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, Petitioner is not entitled to the relief he seeks because his claims are second or successive. The

---

[1] All citations are to the CM/ECF pagination.

Petition is thus dismissed. Because reasonable jurists could not disagree with this disposition, the Court will deny a certificate of appealability.

## II. DISCUSSION

This is Petitioner's second federal habeas petition. In January 2016, Petitioner filed a § 2254 petition seeking relief from his 2012 conviction and arguing, among other things, that trial counsel was ineffective. See Boyd v. Madden, Case No. ED CV 16-00100-BRO (DFM) (C.D. Cal.), Dkt. 1. In April 2017, the petition was denied on the merits and the action dismissed with prejudice. See id., Dkts. 12 (R&R), 13 (Order Accepting R&R), 14 (Judgment), 15 (Order Denying CoA).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus petitions." Tyler v. Cain, 533 U.S. 656, 661 (2001). A federal court will not consider a second or successive federal habeas petition unless it falls one of two narrow exceptions: claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict, and certain claims relying on new rules of constitutional law. See id. at 661-62 (citing 28 U.S.C. § 2244(b)(1-2)). Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Because Petitioner's first federal petition was denied on the merits, the current Petition is second or successive. Since Petitioner filed it without authorization from the Ninth Circuit, the Court lacks jurisdiction to consider it. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper

authorization from the court of appeals, consider a second or successive habeas application.") (citation omitted).

## III. CONCLUSION

The Petition is DISMISSED. A certificate of appealability will not issue. The Court finds that jurists of reason would agree that the Petition is second or successive. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

Date: December 8, 2020

ANDRÉ BIROTTE JR.
United States District Judge

Presented by:

DOUGLAS F. MCCORMICK
United States Magistrate Judge